BENJAMIN B. WAGNER
United States Attorney
MICHELE BECKWITH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:13-CR-306 TLN |
|---|---|
| Plaintiff, | MOTION TO MODIFY NO-CONTACT ORDER AND ORDER |
| v. | DATE: October 31, 2014 |
| PERCY LOVE, III, | TIME: 9:30 a.m. |
| Defendant. | COURT: Hon. Troy L. Nunley |

The superseding indictment in this case charges the defendant with three counts of Sex Trafficking by Force, Fraud, and Coercion in violation of 18 U.S.C § 1591(a)(1) (Counts 1, 2, and 4), and two counts of Sex Trafficking of Children and by Force, Fraud, and Coercion in violation of 18 U.S.C. § 1591(a)(1) (Counts 3 and 5). The government anticipates that the evidence at trial will show that the defendant dominated his victims with force, violence, and physical and mental coercion.

The defendant, who is currently proceeding pro se, was previously represented by counsel. During that time, and shortly following his arrest, the government received information that the defendant was attempting to contact one of his victims in an apparent effort to influence her testimony through direct communications with her and through communications through a third party. This caused the Court to issue a "no-contact" order, directing the defendant not to contact the alleged victims in this case (either personally or through others). See ECF No. 11 (October 31, 2013).

On October 23, 2014, the parties appeared before the Court to clarify defendant's status as a pro

se litigant. At that hearing, the Court reiterated the terms of its prior no-contact order.

Although no government witness is obligated to speak to the defendant or any of his representatives, the United States asks the Court to modify its orders of October 31, 2013 and October 23, 2014.

The Constitution "guarantees criminal defendants a meaningful opportunity to present a complete defense," *United States v. Stever*, 603 F.3d 747, 755 (9th Cir. 2010), and this right includes "the right to present the defendant's version of the facts." *Washington v. Texas*, 388 U.S. 14, 19 (1967); *see also Chambers v. Mississippi*, 410 U.S. 284, 294 (1973) ("The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations.").

In light of this, the government asks the Court to modify the aforementioned orders so that the defendant is permitted to attempt to contact witnesses, but only through his appointed standby counsel, Dustin Johnson, or Johnson's defense investigator. Further, in light of the defendant's pro se status, the government also asks that any such order clarify that none of the government's witnesses are required to speak to Mr. Johnson or his investigator.

Dated: October 28, 2014

BENJAMIN B. WAGNER
United States Attorney

/s/ MICHELE BECKWITH
MICHELE BECKWITH
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>PERCY LOVE, III,<br><br>　　　　　　　Defendant. | CASE NO.  2:13-CR-306 TLN<br><br>**ORDER** |

　　　Based on the government's motion, and good cause appearing therefrom, the no-contact order of October 31, 2013, which was reaffirmed on October 23, 2014, is hereby MODIFIED to permit defendant's appointed standby counsel, Dustin Johnson, or Mr. Johnson's investigator, to attempt to contact any witness it deems appropriate in order to prepare for trial.  This Order shall not be construed as requiring any government witness to speak to Mr. Johnson or his investigator.

　　　SO ORDERED.

Dated:  October 29, 2014

_____
Troy L. Nunley
United States District Judge

3