1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

18

19

20

21

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Respondent,<br><br>        v.<br><br>PERCY LOVE, III,<br><br>                    Movant. | Case No.  2:13-cr-00306-TLN-JDP (HC)<br><br>ORDER DENYING MOVANT'S MOTION TO APPOINT COUNSEL<br><br>ECF No. 321<br><br>FINDINGS AND RECOMMENDATIONS THAT:<br><br>(1) MOVANT'S SECTION 2255 MOTION BE DENIED<br><br>AND<br><br>(2) THE GOVERNMENT'S MOTION TO DISMISS BE GRANTED<br><br>ECF Nos. 310 & 317 |

22

23

24

25

26

        Percy Love, III ("movant") has filed a motion to vacate, set aside, or correct sentence

pursuant to section 2255.  ECF No. 310.  Therein, he argues that the government failed to disclose

benefits given to two of its witnesses and that it coerced another witness into not testifying on his

behalf.  *Id.* at 4-6.  In its motion to dismiss, ECF No. 317, the government correctly argues that

the motion is time-barred, and I recommend that the motion be denied on that basis.

27

28

1

**Legal Standards**

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence.  *United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002).  Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States.  *Davis v. United States*, 417 U.S. 333, 344-45 (1974); *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).  To warrant relief, a petitioner must demonstrate the existence of an error of constitutional magnitude that had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht's* harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.").  Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis*, 417 U.S. at 346.  *See also United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008).

**Analysis**

The government argues that movant's motion is time-barred.  Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a movant's section 2255 motion must be filed within one year of the date on which his or her conviction becomes final.  28 U.S.C. § 2255(f)(1).  Here, movant was found guilty in 2014 on multiple counts of sex trafficking under code section 1591(a)(1).  ECF No. 172.  The Ninth Circuit affirmed the convictions on direct appeal on November 26, 2018, and issued its mandate on January 17, 2019.  ECF Nos. 285 & 286.  Movant did not file a petition for writ of certiorari.  The conviction at issue, then, became final when the time for filing such a petition expired.  *United States v. Buckles*, 647 F.3d 883, 887 (9th Cir. 2011).  A petition for writ of certiorari in this instance was due ninety days after the Ninth Circuit entered its judgment affirming movant's conviction.  *Id.*  The judgment was entered on November 21, 2018, ECF No. 285, and the ninety-day clock began to run that day, expiring on February 19, 2019.  A timely section 2255 motion, then, was due one year later, on February 19, 2020.  The

1    instant section 2255 motion, however, was not filed until March 27, 2023.  ECF No. 310.

2         Movant argues that his motion is timely because the facts supporting his claims

3    concerning undisclosed witness benefits and witness coercion were not uncovered until June 5,

4    2022, and so the one-year statute of limitations clock should begin to run on that date.  ECF No.

5    319 at 1-3.  This argument fails because, under 28 U.S.C. § 2255(f)(4), the statute of limitations

6    begins from "the date on which the facts supporting the claim or claims presented could have

7    been discovered through the exercise of due diligence."  As the government points out, movant

8    knew about the two witnesses who provided damaging testimony against him and whom he now

9    alleges received undisclosed benefits at the time of trial in 2014.  Similarly, he knew or should

10   have known that a witness refused to testify on his behalf at the time of trial.  The question is

11   when he learned of the alleged undisclosed benefits and coercion.

12        Movant alleges that he learned of the alleged undisclosed benefits and coercion when a

13   family member hired a private investigator to find and interview the relevant witnesses in 2021 or

14   2022.  The earliest of the investigative documents attached to the motion are dated to January

15   2022, indicating that the investigators services were likely retained sometime in 2021.  ECF No.

16   319 at 2.  Movant offers no justification for the lengthy delay in beginning this investigation.

17        In his opposition, movant cites a Seventh Circuit case, *Moore v. Knight*, 368 F.3d 936,

18   940 (7th Cir. 2004), for the proposition that a movant is not unreasonable in awaiting the results

19   of a slow investigation.  ECF No. 319 at 2.  In that case, however, the investigation was

20   commenced the same year that the movant's conviction was finalized:

21            The sequence of events relevant to this issue are as follows.
             Moore's trial took place in the fall of 1992; his conviction became
22           final on March 28, 1997.  In early 1997 one of Moore's friends,
             Mike Storms, informed him that, based on overheard conversations,
23           he believed the jury was improperly led or coerced.  Moore asked
             Storms to investigate.  On May 18, 1998, Storms sent Moore a
24           letter revealing the results of his investigation; the letter also
             contained two affidavits from jurors in question.  Moore filed his
25           state Petition for Post-Conviction Relief on January 5, 1999 . . . . .

26   *Moore*, 368 F.3d at 938 (internal citations and quotation marks omitted).  Here, movant's

27   conviction was finalized in early 2019.  The investigation does not appear to have commenced

28   until, at best, sometime in 2021.  Again, he does not explain why this delay was warranted.

3

Indeed, there does not appear to be any incident or late-discovered clue that inspired movant or his family to begin an investigation; it could, reasonably, have been commenced at any time after his 2014 trial ended in his conviction.  As noted above, movant knew the identities of the relevant witnesses and how they had testified.  Thus, I cannot conclude that movant exercised due diligence within the meaning of 28 U.S.C. § 2255(f)(4).  Accordingly, his current section 2255 motion is time-barred and should be denied on that basis.

It is ORDERED that, given the time-barred status of the motion, that request to appoint counsel, ECF No. 321, is DENIED insofar as it would be futile.

It is RECOMMENDED that the government's motion to dismiss, ECF No. 317, be GRANTED, and movant's section 2255 motion, ECF No. 310, be DENIED as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 3, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE